UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAYRA BARBOZA,<br><br>  Plaintiff,<br><br>  v.<br><br>ADECCO USA, INC., et al.,<br><br>  Defendants. | Case No. 5:16-cv-01113-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 19 |

Defendants Adecco USA, Inc. and Constellation Brands, Inc. move to compel arbitration of claims brought by Plaintiff Mayra Barboza. Defendants' motion will be granted.

**I.  BACKGROUND**

Barboza was seasonally employed by Adecco from 2012 to 2014. Pl.'s Opp'n to Defs.' Mot. to Compel. Arb. ("Opp'n") 1, Dkt. No. 23. She worked at Constellation, which was one of Adecco's clients. Id. Her claims arise from workplace sexual harassment that she alleges began in September 2012. Id.

Adecco and Constellation claim that Barboza signed an arbitration agreement when her employment began. Defs.' Mot. to Compel Arb. ("Mot.") 2, Dkt. No. 19. Barboza claims that she does not recall signing an agreement, and that the agreement is invalid for several reasons. Opp'n 1–2. Defendants now move to compel arbitration.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2 (2012). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)). A district court's role is limited to determining (1) whether the parties agreed to arbitrate and, if so, (2) whether the claims at issue are within the scope of that agreement. Id. If the party seeking arbitration meets these two requirements, the court must compel arbitration. 9 U.S.C. § 4; Chiron, 207 F.3d at 1130.

If a contract contains an arbitration clause, the clause is presumed to be valid. AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1139 (9th Cir. 1991). The party opposing arbitration has the burden of showing that an arbitration clause is invalid or otherwise unenforceable. Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 972 (1997).

Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T, 475 U.S. at 648 (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). General contract law principles govern the interpretation and enforcement of arbitration agreements. First Options of Chicago v. Kaplan, 514 U.S. 938, 944 (1995).

## III. DISCUSSION

First, Barboza argues that the agreement between her and Constellation is invalid. Opp'n 3–7. She argues that Constellation cannot be a third-party beneficiary of the contract between her and Adecco because the contract did not specifically name Constellation; rather, it referred to a "Client." Id. at 3. She also argues that the agreement is invalid for lack of mutuality because it does not require Constellation to arbitrate its claims. Id. at 3–6. Defendants respond that a third-party beneficiary to an arbitration agreement need not be expressly identified as long as the agreement indicates that the party—here, Constellation—was meant to be a beneficiary. Defs.' Reply in Support of Mot. to Compel Arb. ("Reply") 3, Dkt. No. 25; see also Collins v. Diamond Pet Food Processors of California, LLC, No. 2:13-cv-00113-MCE-KJN, 2013 WL 1791926 (E.D. Cal. Apr. 26, 2013) ("Although a third party need not be expressly named or identified in a contract, a party must demonstrate that it is a member of a class of persons for whose benefit it was made."). Here, the contract makes it clear that Constellation, the "Client," is intended to be a beneficiary of the agreement. Defendants also respond that mutuality exists because Constellation, as a third-party beneficiary, is bound by the obligations arising from the contract—including the obligation to arbitrate its claims. Reply 5–6. The Court agrees with Defendants' positions and accordingly finds that the arbitration agreement between Barboza and Constellation is valid.

Second, Barboza argues that no arbitration agreement exists because she was confused about the meaning of the documents she was asked to sign, and she was confused about whether she had signed them electronically. Opp'n 7–8. In response, Adecco presents evidence that, as a condition of her employment, Barboza was required to click on an email sent to the email address she provided, enter her email address again, provide an electronic signature, and click a "yes" button to confirm her electronic signature. Reply 8–9. In addition, in her declaration, Barboza acknowledges that she "had to complete these documents in order to restart my employment with Adecco at the beginning of each work season." Id. at 9. Adecco also notes that Barboza has not provided any evidence that she did not understand the documents, or that she asked for assistance in understanding them, at the time she signed them. Id. at 10–11. Accordingly, the Court finds that

Case No.: 5:16-cv-01113-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
3

an arbitration agreement exists and that Adecco has properly authenticated Barboza's electronic signature.

Third, Barboza argues that the agreement is procedurally unconscionable for two reasons. She argues that the agreement is procedurally unconscionable as a contract of adhesion because it was presented on a take-it-or-leave-it basis as a condition of her employment. Opp'n 8–9. She also argues that it is procedurally unconscionable because Adecco never provided her with the rules of arbitration. Id. at 9–10. Defendants respond that the agreement is not a contract of adhesion because Barboza was given the opportunity to opt out of the arbitration, but she chose not to. Reply 12–13. Defendants also note that the contract stated that arbitration would be conducted in accordance with the " 'Employment Arbitration Rules' of the AAA" and that a copy of the rules "can be obtained from Adecco's Human Resources Department or on line at www.adr.org"—and that Barboza was given the opportunity to download or print those rules before signing the agreement. Id. at 13. The Court agrees with Defendants that the agreement was not procedurally unconscionable.

Finally, Barboza argues that the agreement was substantively unconscionable for lack of mutuality because (1) Constellation is not obligated to arbitrate claims it might have against employees, and (2) the claims that employees are required to submit to arbitration are the type of claims that employees would bring, but not the type of claims that employers would bring. Opp'n 10–11. As discussed above, Defendants have demonstrated that, contrary to Barboza's assertion, mutuality exists because Constellation is required to arbitrate its claims. In addition, Defendants note that Barboza's brief omits portions of the arbitration provision stating that employer-side claims must also be arbitrated. Reply 14 ("The scope of the provision is very broad, allowing for, in addition to the statutory causes of action identified in isolation by Plaintiff, 'disputes regarding the employment relationship, trade secrets, unfair competition . . . and all other state and statutory common law claims.' ") (emphasis in original) (quoting the arbitration agreement). As such, the Court agrees with Defendants that the agreement is not substantively unconscionable for lack of mutuality.

Case No.: 5:16-cv-01113-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

4

The Court finds that a valid agreement to arbitrate exists, and that Barboza's claims fall within the scope of that agreement. Defendants' motion to compel arbitration and stay this case will be granted.

## IV. CONCLUSION

Defendant's motion to compel arbitration is GRANTED. The Clerk shall administratively close this file. The parties shall file a joint status report with the Court within thirty days of the resolution of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: September 27, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-01113-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
5